# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-184-2 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CESAR MELENDEZ-PEREZ, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Cesar Melendez-Perez ("Melendez-Perez") for Immediate Release Due to Danger from Coronavirus. (Doc. No. 380 ["Mot."]; Doc. No. 383 (Notice of Supplement ["Suppl."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 387 ["Opp'n"].) For the reasons that follow, Melendez-Perez's motion, as supplemented, is DENIED.

## I. BACKGROUND

On June 19, 2019, Melendez-Perez was charged with multiple drug-related offenses, including conspiracy to distribute and possess with intent to distribute, fentanyl, heroin, and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B) and (b)(1)(C). (Doc. No. 15 ["Superseding Indictment"].) At his arraignment on July 3, 2019, Melendez-Perez waived his right to a detention hearing and consented to being held without bail pursuant to 18 U.S.C. § 3142(e) and (i), but reserved "the right to raise the issue of detention at a later date should circumstances change." (Doc. No. 81 (Waiver/Order of Detention ["Waiver"]).)

On March 9, 2020, pursuant to a plea agreement, Melendez-Perez entered a guilty plea to

Count One (conspiracy to distribute and possess with intent to distribute, fentanyl, heroin, and cocaine) and Count Twenty (possession with intent to distribute, in violation of 21 U.S.C. § 341) of the Superseding Indictment. (3/9/2020 Minutes; Doc. No. 345 ["Plea Agreement"].) According to the plea agreement, Melendez-Perez agreed that he was subject to a mandatory minimum sentence of 60 months on Count One. (Plea Agreement ¶ 17.) With respect to a sentencing guidelines calculation, Melendez-Perez agreed that he was also subject to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm, with an adjusted base level offense of 28, and further that he might be classified as a career offender. (*Id*.) He is currently incarcerated at Northeast Ohio Correctional Center ("NEOCC") and is scheduled to be sentenced on June 30, 2020.

## II. DISCUSSION

On March 30, 2020, Melendez-Perez filed the present motion in which he requests that the Court "order his immediate release to home detention due to the substantial risk to himself and the community from the current COVID-19 pandemic." (Mot. at 2720.) He "submits that the health risk to himself and the community is incredibly heightened in this pandemic given the conditions in the local jails, where it is impossible to practice safe social distancing and proper hygiene. This state of affairs necessitates temporary release on bail until this pandemic has ended." (*Id*. at 2720-21.)

In support of his motion, Melendez-Perez cites the Bail Reform Act, 18 U.S.C. § 3142(i), but "that provision applies only to a person seeking release pending trial." *United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (rejecting the applicability of 18 U.S.C. § 3142(i) for prisoner awaiting sentencing). Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of

certain felony crimes pending sentencing, absent certain narrow exceptions. *See, e.g., id.* (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143); *see also United States v. Rollins*, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at n.1 (W.D.N.Y. Mar. 27, 2020) (finding that § 3142(i) does not apply to individuals seeking release pending sentencing due to COVID-19). Accordingly, Melendez-Perez's request is properly evaluated under § 3143.

### A. 18 U.S.C. § 3143

Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Here, Melendez-Perez was subject to mandatory detention because he pleaded guilty to an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government is recommending a term of imprisonment. (*See generally* Plea Agreement.) Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that Melendez-Perez is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). There is no dispute that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. It is for this reason that some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 presents a "unique combination of circumstances" that meets the "exceptional circumstances" requirement. *See, e.g., United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had previously been released on bond prior to entering a guilty plea and had a documented respiratory condition, established "exceptional circumstances" to justify his temporary release). But Melendez-Perez has not suggested, let alone demonstrated, that he is at a heightened risk of contracting COVID-19.

Further, as of April 6, 2020, the COVID-19 virus has not been detected in inmates at NEOCC. (Opp'n at 2784.) As explained in the government's response, NEOCC, along with Bureau of Prisons ("BOP") and the U.S. Marshals Service, has taken substantial precautions to mitigate the spread of the COVID-19 virus amongst its prison population. (*Id*. at 2783-84.) These preventive measures include: (1) aggressive screening, isolation, and treatment of suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. (*Id.*) In the absence of any evidence that Melendez-

Perez has an increased risk of contracting the virus in his institution, the Court cannot find that "exceptional circumstances" warrant his release.

Additionally, given the following: (1) Melendez-Perez's drug use; (2) the fact that he has pled guilty to serious drug charges and is facing a significant sentence; (3) his possession and use of weapons in connection with his crimes; and (4) his significant criminal history that includes convictions for felony domestic violence, abduction, kidnapping, assault, escape, and drug trafficking, the Court is compelled to find that Melendez-Perez is a flight risk and poses a danger to others and the community. (*See* Suppl. at 2755; Opp'n at 2780.) Accordingly, he is not entitled to temporary release under §§ 3143, 3145(c).

B. **18 U.S.C. § 3142(i)**

Even if the more lenient standard applicable to pretrial detainees under § 3142(i) was available to Melendez-Perez, he still would still not be entitled to temporary release. Under the Bail Reform Act, 18 U.S.C. § 3142(i), "[t]he judicial officer may, by subsequent order, permit the temporary release of [a pretrial detainee], in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." In *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. Mar. 25, 2020) (citing 18 U.S.C. § 3142(i)), the district court observed:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that determination, the [Court] will evaluate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the

5

> specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* at *3. At least one district court in the Sixth Circuit has followed the approach laid out in *Clark*, and this Court, likewise, agrees that this guidance provides a useful framework for addressing requests for release under § 3142(i). *See, e.g., United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2-3 (S.D. Ohio Mar. 30, 2020) (applying analysis set forth in *Clark* and denying defendant's motion for immediate release under the Bail Reform Act due to COVID-19).

As to the first factor—the original grounds for the defendant's pretrial detention—the Court has previously noted that Melendez-Perez waived his right to contest the initial order of detention, as such, the Court did not make prior findings as to the appropriateness of detention. Nonetheless, the Court observes that Melendez-Perez has now pleaded guilty to serious offenses carrying significant penalties (including a mandatory minimum 60 month sentence on Count One), that he acknowledges that he may be classified as a career offender due to his prior criminal record, and that he has admitted to the use of a firearm in connection with these crimes. These facts counsel against release.

As for the second factor—the specificity of defendant's stated COVID-19 concerns—Melendez-Perez offers only his generalized and speculative fears that he is at a higher risk for contracting COVID-19 at his present facility. Again, he does not allege that he suffers from a serious health condition which places him at a higher risk for contracting the COVID-19, and he only argues that the virus poses a risk to him and the prison community in general. (*See* Mot. at 2720-21.) Moreover, as set forth above, there are no documented cases at NEOCC and the BOP, NEOCC officials, and the U.S. Marshals Service have taken extraordinary measures to limit the threat posed by COVID-19. While the Court is sympathetic to Melendez-Perez's general concern about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19). This factor also weighs against release.

The third factor—effect of release plan on defendant—also favors continued detention. Melendez-Perez offers no details about the circumstances under which he would reside in home detention. For example, he offers no evidence on who will be residing with him at his home, or what precautions will be taken there, including screening and isolation practices, that would keep him safe and limit his exposure to COVID-19. Because the Court cannot even begin to evaluate whether the release plan reduces the risk to Melendez-Perez, this factor mitigates against temporary release.

Finally, the fourth factor—effect of the release plan on the public—does not favor temporary release. Given Melendez-Perez's prior criminal history, admitted drug history, and his likely status as a career offender, the Court is far from convinced that Melendez-Perez would remain compliant on temporary release. "A defendant who is unable to comply with conditions

of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 WL 1446895, at *7. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020).

On balance, the Court finds that Melendez-Perez has not established his burden of demonstrating reasons sufficient to persuade the Court that temporary release under any statutory provision is warranted.

### III. CONCLUSION

For the forgoing reasons, as well as those set forth in the government's response in opposition, the motion of defendant Melendez-Perez for immediate temporary release pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: April 8, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**