**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-184-2 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CESAR MELENDEZ-PEREZ, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Cesar Melendez-Perez ("Melendez-Perez") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 526 (Motion); Doc. No. 532 (Supplement)[1].) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 533 (Response)), and Melendez-Perez has filed a reply. (Doc. No. 539.) For the reasons set forth herein, the motion to vacate, as amended by the supplement, is DENIED.

## I.    BACKGROUND

On June 19, 2019, a superseding indictment issued charging Melendez-Perez and fourteen other individuals with conspiring to operate a drug-trafficking organization. The charges against Melendez-Perez included conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C); possession

---

[1] The Court construes defendant's motion to supplement (Doc. No. 531) as a motion to amend his motion to vacate. The motion to amend is GRANTED, and the Court treats the supplement (Doc. No. 532) as raising a third ground for relief under § 2255.

with intent to distribute cocaine, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); felon in possession

of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and multiple counts of use of

a communications facility in furtherance of a drug offense, in violation of 21 U.S.C. § 843(b).

(Doc. No. 15 (Superseding Indictment).)

On March 9, 2020, pursuant to the terms of a plea agreement, Melendez-Perez entered a

counseled plea of guilty to Count One (conspiracy to distribute controlled substances) and Count

Twenty (possession with intent to distribute cocaine). (Minutes of Proceedings [non-document],

3/9/2020; Doc. No. 345 (Plea Agreement).) During the change of plea hearing, the Court

conducted its standard plea colloquy with Melendez-Perez in compliance with Rule 11 of the

Federal Rules of Criminal Procedure. (*See generally* Doc. No. 492 (Transcript of Change of Plea

Hearing).) As part of this colloquy, the Court reviewed the terms of the plea agreement, which

included the parties' understanding that Melendez-Perez would likely qualify for enhancement as

a career offender, and that, with acceptance of responsibility, his anticipated guideline range would

be 151 to 188 months of imprisonment. (*Id*. at 22[2]–23.) Melendez-Perez indicated at the hearing

that he understood. (*Id*. at 23.) Melendez-Perez also raised the question of time-served, and the

Court advised that it would be recommending to the Bureau of Prisons ("BOP") that Melendez-

Perez receive credit for the time he served in federal custody prior to sentencing.[3] (*Id*. at 49.)

Prior to sentencing, a final presentence investigation report ("PSR") was prepared. (Doc.

No. 440.) The writer of the PSR concluded that Melendez-Perez had an offense level of 34, and a

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[3] Defense counsel stated for the record that he believed that credit for time-served would be appropriate in this case. (*Id*.)

criminal history category of VI, based on his criminal history and his status as a career offender, the latter premised on two prior state court convictions for felony domestic violence. (*Id*. at 8–9, ¶ 66.) After factoring in an anticipated three-level reduction for acceptance of responsibility, the PSR writer concluded that Melendez-Perez had a total offense level of 31 and a criminal history category of VI, which yielded an advisory guideline range of 188 to 235 months. (*Id*. at 22, ¶ 96.)

The sentencing hearing was conducted on August 27, 2020, during which Melendez-Perez questioned his status as a career offender in light of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). (*See* Doc. No. 493 (Transcript of Sentencing Hearing), at 6–12.) The Court indicated that it agreed with the PSR writer that Melendez-Perez's two prior felony convictions for domestic violence under Ohio Rev. Code § 2919.25(A) continued to qualify as predicate offenses for career offender classification under the guidelines. (*Id*. at 9, 15.) However, the Court also determined that, in the wake of *Havis*, Melendez-Perez's conviction in Count One for conspiracy could no longer be factored into his offense level for purposes of career offender classification. Accordingly, the Court determined that the offense level began, as indicated by the parties in the plea agreement, at 32. (*Id*. at 12–13; *see* Doc. No. 345, at 5–6, ¶ 17.)

Beginning with an offense level of 32, adjusted downward by three points for acceptance of responsibility, the Court determined that the total offense level was 29, and, with a criminal history category VI, Melendez-Perez's guideline sentencing range became 151 to 188 months. (Doc. No. 493, at 15–19[4].) The Court sentenced Melendez-Perez to a within-guideline sentence of

---

[4] The Court explained that Melendez-Perez qualified as a criminal history category VI for two reasons. First, his criminal record yielded 15 criminal history points—to which two were added because he was under state criminal justice sentences at the time of the instant offense—making a total criminal history score of 17, which corresponded to a criminal history category of VI. Second, because he qualified as a career offender, his criminal history automatically became a category VI. (*Id*. at 18–19.)

163 months imprisonment. (*Id*. at 35.) While the government argued that Melendez-Perez's extensive criminal history demanded a high-end sentence, the Court determined that defendant's mental health and substance abuse issues warranted a mid-range sentence. (*Id*. at 34–35.)

In imposing sentence, the Court noted that Melendez-Perez had raised during his plea colloquy his concern that he receive credit for time served in federal custody. The Court agreed that he should receive such credit, if appropriate, and the Court's judgment reflects this. (Doc. No. 470 (Judgement), at 2 [noting that defendant was to receive "credit for time served to date"]; *see* Doc. No. 493, at 36.) Also, consistent with the terms of the plea agreement, the Court advised Melendez-Perez that he was permitted to appeal a limited number of issues, including the Court's career offender designation. (*See id*. at 15–16.)

Melendez-Perez took a direct appeal, wherein he attacked the Court's career offender enhancement. As he did at sentencing, he argued that, under *Havis*, his two prior state court convictions for felony domestic violence no longer qualified as predicate offenses. Citing *United States v. Burris*, 912 F.3d 386, 390 (6th Cir. 2019) (en banc), which involved predicate offenses based on Ohio's felonious assault and aggravated assault statutes, Melendez-Perez argued that this Court erred in designating him a career offender.

In a decision dated July 21, 2021, the Sixth Circuit affirmed the Court's judgment. (Doc. No. 510 (Opinion).) In so ruling, the court rejected Melendez-Perez's argument, noting that it had already resolved the question of whether convictions under Ohio Rev. Code § 2919.25(A) qualified as career offender predicates. The court explained that, in *United States v. Gatson*, 776 F.3d 405, 410-11 (6th Cir. 2015), it held that the same domestic violence statute satisfied the Supreme Court's requirements for a "crime of violence." (*Id*. at 4 (citing *Johnson v. United States*, 559 U.S.

133, 140, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010).) The court further found Melendez-Perez's

reliance on *Burris* misplaced, noting that "the *Burris* 'decision concerned an entirely different

statute, and this makes all the difference.'" (*Id*. at 6 (quoting *United States v. Solomon*, 763 F.

App'x 442, 445 (6th Cir. 2019).)

On June 1, 2022, Melendez-Perez filed the present motion to vacate. In his motion, he

raised two grounds, both relating to his career criminal classification. In Ground One, he alleges

that his appellate counsel was ineffective for failing to bring to the Sixth Circuit's attention certain

decisions issued while his appeal was pending relative to career offender enhancement. (Doc. No.

526, at 5–7.) In Ground Two, he argues (once again) that this Court erred in treating his felony

domestic violence convictions as predicate offenses under § 4B1.1(b). (*Id*. at 8.) In a supplement

filed July 6, 2022, Melendez-Perez raises a third ground: namely, that his trial counsel was

ineffective for failing to argue that he should receive credit for time spent in custody prior to

sentencing. (Doc. No. 532, at 1.)

II.    STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set

aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced.

Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief:

"[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2]

that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in

excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral

attack[.]" 28 U.S.C. § 2255(a).

To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

The movant bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam). Vague and conclusory claims that are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *see Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972).

When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required "'to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The burden borne by a § 2255 petitioner to obtain a hearing is not especially onerous. *See Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). However, a petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle him to federal habeas relief. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008); *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (holding that an evidentiary hearing was "unnecessary" where there was

"nothing in the record to indicate that [the petitioner] would be able to prove his allegations" at a hearing); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255." (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962))); *cf. Valentine*, 488 F.3d at 334 (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

Moreover, a hearing is not necessary when a petitioner's claims "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" *Id*. (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where, as here, the judge considering the § 2255 motion also presided over proceedings leading up to sentencing, the judge may rely on her recollections. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. As set forth in detail below, Melendez-Perez has failed to identify facts that, if true, would entitle him to relief under § 2255. Moreover, many of the arguments offered by Melendez-Perez in support of the present motion, as amended, are either contradicted by the record or are adverted to in a perfunctory and conclusory manner, preventing further review by this Court.

### III.   DISCUSSION

#### A.  Career Offender Classification (Ground Two)

In his second ground for relief, Melendez-Perez renews his argument raised on direct appeal that the Court erred in designating him a career offender under the sentencing guidelines. (Doc. No. 526, at 8.) He claims that, based on "new" authority, his state court convictions under Ohio Rev. Code § 2919.25(A) no longer qualify as "crimes of violence". (*Id*.) This claim fails for several reasons. First, this issue was raised and denied on direct appeal. "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances" that are no present here. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quotation marks and citations omitted).

Second, it is well settled that most issues surrounding the application of the advisory sentencing guidelines are not cognizable under § 2255. *See Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018). "Indeed, every circuit to 'look[] at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations.'" *Bullard v. United States*, 937 F.3d 654, 660–61 (6th Cir. 2019) (quoting *Snider*, 908 F.3d at 191, and collecting cases). As observed in *Snider*, the collateral review statute for federal prisoners empowers a court to grant relief only where a sentence "was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such a sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Snider*, 908 F.3d at 189 (quoting 28 U.S.C. § 2255(a)). Melendez-Perez's non-constitutional challenge to his sentence is simply not reviewable in a motion to vacate.

Finally, if the Court were permitted to reach the merits, the second ground would still be denied. As will be discussed more fully in the next section, the case law Melendez-Perez now relies upon fails to support the conclusion that his enhanced sentence was reached in error. Nothing alleged by Melendez-Perez furnishes a basis for finding that the Court's within-guidelines sentence was constitutionally infirm, unlawful, or contained a fundamental defect that resulted in a miscarriage of justice. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). The second ground for relief, therefore, is denied.

**B.  Ineffective Assistance of Appellate Counsel (Ground One)**

Melendez-Perez's first ground charges his appellate counsel with ineffective assistance. According to Melendez-Perez, appellate court should have requested leave to supplement his appeal with three decisions that were issued while his appeal was pending.[5] (Doc. No. 526, at 5.) He argues that had appellate counsel brought these decisions to the attention of the Sixth Circuit and argued their import, he would have been successful on direct appeal and his case would have been remanded for resentencing without the career offender enhancement. (*Id*. at 7.)

"To prevail on an ineffective-assistance-of-counsel claim, [Melendez-Perez] must satisfy the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Wingate v. United States*, 969 F.3d 251, 255 (6th Cir. 2020). Specifically, he must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687–88; *see also Williams*

---

[5] Those three cases were: *United States v. Cavazos*, 950 F.3d 329 (6th Cir. 2020); *United States v. Alston*, 976 F.3d 727 (6th Cir. 2020); *United States v. Carter*, 1:18-cr-11, 2021 WL 3883655 (N.D. Ohio Aug. 31, 2021).

*v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The Court may address the *Strickland* prongs in any order and need not address both prongs if Melendez-Perez "makes an insufficient showing on one." *See Wingate*, 969 F.3d at 955 (quotation marks and citation omitted).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Judicial scrutiny of counsel's performance must be highly deferential[.]" *Strickland*, 466 U.S. at 689. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Id*. Indeed, a prisoner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687–88; *United States v. Hanley*, 906 F.2d 1116, 1120–21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987); *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) ("Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." (citing *Strickland, supra*)).

Appellate counsel challenged this Court's career offender designation, citing *Havis, supra*, and other authority. The Sixth Circuit determined that governing case law affirmatively answered the question of whether felonies charged under Ohio Rev. Code § 2919.25(A) constituted "crimes of violence" for purposes of career offender enhancement. (Doc. No. 510, at 4 (citing *Gatson*, 776 F.3d at 410–11.) Had appellate counsel raised the cases Melendez-Perez now cites in his § 2255 motion, the result on appeal would have been the same. The defendants in those cases—Carter,

Cavazos, and Alston—were all found to be career offenders at sentencing based upon their prior attempted drug trafficking convictions. Those cases were remanded for resentencing in light of *Havis*. In this case, however, Melendez-Perez was properly categorized as a career offender based upon his previous felony convictions for domestic violence under § 2919.25(A). Therefore, the cases cited by Melendez-Perez "concern[] an entirely different statute, and this makes all the difference."[6] [7] *Solomon*, 763 F. App'x at 445.

Because appellate counsel did not err in failing to raise inapposite case law, and because any attempt to supplement the briefing with this authority would not have changed the outcome on direct appeal, Melendez-Perez cannot establish either prong of the *Strickland* standard. *See generally Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (counsel is not ineffective for failing to pursue baseless arguments). Accordingly, his second ground for relief fails.

---

[6] In fact, since the cases relied upon by Melendez-Perez were issued, the Sixth Circuit has continued to hold that felony domestic violence convictions under Ohio Rev. Code § 2919.25(A) constitute proper predicate offenses for career offender enhancement under the guidelines. *See United States v. Mitchell*, No. 21-3896, 2022 WL 12230276, at *3 (6th Cir. Oct. 21, 2022) ("we hold that Mitchell's prior felony convictions of domestic violence in violation of Ohio Revised Code § 2919.25(A) are . . . crimes of violence under the Guidelines § 4B1.2" (citing *United States v. Melendez-Perez*, No. 20-3925, 2021 WL 3045781, at *2–3 (6th Cir. July 20, 2021))); *United States v. Marshall*, 21-3547, 2022 WL 11710803, at *1 (6th Cir. 2022) (finding argument "foreclosed by [6th Circuit] precedent").

[7] While Melendez-Perez now complains that a conviction under Ohio Rev. Code § 2919.25(A) cannot serve as a predicate offense because the state statute includes "an attempt to cause physical harm," the Sixth Circuit has made clear that "a predicate crime of violence must have as an element the threat, *attempt*, or actual use of force capable of causing physical pain or injury to another person." *Solomon*, 763 F. App'x at 444; *see* Doc. No. 510, at 3 (quoting *Solomon, supra*) (emphasis added).

### C.  Ineffective Assistance of Trial Counsel (Ground Three)

In his amendment, Melendez-Perez argues that trial counsel was ineffective for failing to raise and argue that he should receive credit for time served in federal custody prior to sentencing. (Doc. No. 532, at 1.) However, the record clearly reflects that the issue was raised during the change of plea hearing and at sentencing. (*See* Doc. No. 492, at 49; Doc. No. 493, at 36.) In both instances, Melendez-Perez was assured that the Court would recommend that he receive credit for time-served. (*Id*.) Consistent with these representations, the Court's judgment contains a provision for such a credit. (*See* Doc. No. 470, at 2.) Because the issue was raised, and the recommendation of the Court ultimately made, Melendez-Perez cannot demonstrate that his counsel was ineffective or that he suffered any prejudice, and his third ground for relief fails.

To the extent that Melendez-Perez now complains that he did not receive time-served credit (or that such credit was not properly calculated), such a complaint cannot be raised in a § 2255 motion. The determination of whether a defendant is eligible for credit for time served in detention prior to sentencing rests exclusively with the BOP. *See United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citations omitted). If, after he has exhausted his administrative remedies and still believes that his sentence was improperly calculated, Melendez-Perez may return to the courts via a habeas petition under 28 U.S.C. § 2241, and seek relief. *See Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 709 (E.D. Michigan 2006) ("[S]ection 2241 is the appropriate vehicle for a federal prisoner to challenge the manner in which his sentence is executed." (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991))).

## IV.    CONCLUSION

For the foregoing reasons, Melendez-Perez's motion, as amended, to vacate, set aside, or correct his sentence is denied. Further, for all of the same reasons, the Court finds that "reasonable jurists" would not debate the Court's denial of Melendez-Perez's motion to vacate. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 22, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**