**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-184-2 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CESAR FRANCISCO MELENDEZ- | ) | |
| PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

Now before the Court is the *pro se* motion of defendant Cesar Francisco Melendez-Perez ("defendant" or "Melendez-Perez") to reduce his sentence under 18 U.S.C. § 3582(c)(1)–(c)(2). (Doc. No. 629 (Motion).) Appointed counsel filed a notice of no intent to supplement the motion. (Doc. No. 631 (Notice).) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 632 (Response)), and defendant filed a reply. (Doc. No. 638 (Reply).) For the reasons that follow, the motion for early release is denied.

## I. BACKGROUND

On August 27, 2020, Melendez-Perez was sentenced to a custody term of 163 months, and four years of supervised release, following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. No. 470 (Judgment); Minutes of Proceedings [non-document], 8/27/2020; *see* Minutes of Change of Plea Hearing [non-document], 3/9/2020; Doc. No. 345 (Plea Agreement).) Melendez-Perez is currently serving his sentence at Gilmer FCI and has an anticipated release date of January

12, 2032.[1]

On January 13, 2026, Melendez-Perez filed the present motion seeking a sentence reduction under "§ 3582(c)(1)–(c)(2)." (Doc. No. 629, at 1.) In his *pro se* motion, Melendez-Perez represents that he should receive early release because his sentence would be significantly less if he were sentenced today, and because the goals of sentencing can be accomplished with a shorter sentence. (*Id.*)

The government opposes the motion, arguing that the motion for compassionate release should be denied because Melendez-Perez has failed to establish the existence of extraordinary and compelling reasons under the governing statute and because the sentencing factors at 18 U.S.C. § 3553(a) do not weigh in favor of early release. (Doc. No. 632, at 5–10.) Also, to the extent defendant's motion can be construed as requesting a sentence reduction under Amendment 821 to the United States Sentencing Guidelines, the government argues the motion should be denied because Melendez-Perez does not qualify for relief under the Amendment. (*Id.* at 3–5.)

II.     **MOTION FOR COMPASSIONATE RELEASE**

    **A.  Governing Law**

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that

---

[1] *See* https://www.bop.gov/inmateloc/, last visited March 10, 2026.

sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

With respect to compassionate release motions under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted).

The policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13 (as amended), describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

3

### B. Extraordinary and Compelling Reasons

Melendez-Perez suggests, without supporting documentation, that he has exhausted his administrative remedies. (Doc. No. 638, at 3.)[2] The government acknowledges that Federal Bureau of Prisons ("BOP") records show that Melendez-Perez submitted an administrative request for immediate release in early January 2026. (Doc. No. 632, at 8.) Because the government concedes exhaustion (*see id.*), the Court finds this mandatory claims-processing rule to have been satisfied. The Court, therefore, turns to a consideration of whether defendant has demonstrated the existence of extraordinary and compelling reasons identified in § 3582(c)(1)(A)(i), and discussed in detail in § 1B1.13(b), as amended.

Melendez-Perez appears to invoke U.S.S.G. § 1B1.13(b)(6)—Unusually Long Sentence— as the basis for compassionate release, which provides:

> **Unusually Long Sentence**.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Melendez-Perez argues that, if he were sentenced today, he would have received a much shorter sentence due to the change in the law relating to the treatment of the term "violent felony" under the Armed Career Criminal Act ("ACCA"). Citing the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420, 429, 141 S. Ct. 1817, 210 L. Ed. 2d 63 (2021), which held that an offense committed with a mens rea of ordinary reckless no longer qualifies as

---

[2] While defendant represents that he has attached proof of exhaustion to his reply brief (*see id.*), no such documentation is appended to either his motion or reply. (*See* Doc. Nos. 629, 638.)

a violent felony under the so-called "force clause" of the ACCA, Melendez-Perez argues that his two prior domestic violence convictions would no longer serve as predicate offenses under ACCA. (Doc. No. 629, at 2–6.)

Melendez-Perez's argument that he has established an extraordinary and compelling reason for compassionate release under § 1B1.13(b)(6) fails for several reasons. First and foremost, the Sixth Circuit has recently determined § 1B1.13(b)(6) to be invalid. In *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025), the Sixth Circuit held that the United States Sentencing Commission exceeded its authority in promulgating § 1B1.13(b)(6) by "issu[ing] a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." This Court is bound by the ruling in *Bricker*, and, for this reason alone, defendant's compassionate release motion must be denied.

Second, Melendez-Perez was not sentenced under the ACCA; rather, his advisory sentencing guidelines range was enhanced because he was deemed a career offender under U.S.S.G. § 4B1.1. (Doc. No. 493 (Sentencing Hearing Transcript), at 16; *see also* Doc. No. 440 (Presentence Investigation Report), at 17 ¶ 66.) The ruling in *Borden* is irrelevant and inconsequential to Melendez-Perez's complaint regarding his sentence under the sentencing guidelines. *See, e.g., Carr v. United States*, 3:20-cr-43, 2023 WL 7975165, at *8 n.13 (N.D. W.Va. July 28, 2023) (noting that "*Borden* did not address the career offender enhancement under § 4B1.1 of the sentencing guidelines"), *report and recommendation adopted by* 2023 WL 6638061 (N.D. W.Va. Oct. 12, 2023). Moreover, Melendez-Perez would still qualify as a career offender under the guidelines (and ACCA) because his domestic violence convictions under Ohio Rev. Code § 2919.25(A) required a finding that he acted "knowingly" and not "recklessly" as Melendez-Perez suggests. (*See* Doc. No. 510 (Order), at 2.) These predicate offenses, therefore, would still serve

5

to enhance Melendez-Perez's sentence if he were sentenced today.[3]

Accordingly, the Court finds that Melendez-Perez has failed to demonstrate the existence of an extraordinary and compelling reason to justify early release.

### C.  Sentencing Factors

But even if Melendez-Perez had cleared the initial hurdle of demonstrating the existence of extraordinary and compelling reasons, the Court would still have denied his motion because the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. The nature and circumstances of Melendez-Perez's offenses—conspiracy with intent to distribute controlled substances and distribution of controlled substances—are serious. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir 2010) ("To be sure, drug trafficking is a serious offense, that, in itself, poses a danger to the community." (citations omitted)). Melendez-Perez was one of 15 individuals charged in a large-scale drug trafficking organization, wherein Melendez-Perez and his co-defendants obtained substantial quantities of controlled substances, including cocaine, from co-conspirators to redistribute throughout the Lorain, Ohio area. (Doc. No. 440, at 4 ¶¶ 1–5.) This case did not represent the first time Melendez-Perez was convicted of drug trafficking. (*See id*. at 14, ¶ 57.) Moreover, Melendez-Perez's criminal history—which began when he was only 16 years of age and spans more than 20 years—also contains numerous other violent crimes. His adult criminal record includes multiple felony convictions for abduction, assault, and, as previously noted, domestic violence, and a felony conviction for kidnapping. (*See id*. at 10–11, 13–15, ¶¶ 43, 46, 49, 54, 57, 60.)

---

[3] Additionally, Melendez-Perez fails to satisfy the requirement of § 1B1.13(b)(6) that a defendant has served "at least 10 years" of his sentence. As the government correctly observes, defendant's federal custody did not begin until July 3, 2019. (*See* Doc. No. 632, at 9 (citing Doc. No. 440, at 2).)

Prior custody sentences for drug trafficking and other violent crimes have failed to discourage Melendez-Perez from returning to dangerous and destructive behavior like drug trafficking. Additionally, his criminal record also reflects multiple instances where he violated the terms of probation or community control. (*See id*. at 11–12, 14–15 ¶¶ 49, 53, 57–58, 60.) The Court has grave doubts that, if released early, Melendez-Perez would be able to abide by any condition of release the Court might set, including the condition that he refrain from engaging in illegal behavior.

After considering all of the § 3353(a) factors, the Court finds that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, and protect the public from further crimes of the defendant. Based on these same facts, the Court also finds that defendant continues to pose a danger to the community. For these reasons, the Court denies defendant's motion for compassionate release.

### III.    MOTION UNDER AMENDMENT 821

To the extent Melendez-Perez's filing can also be construed as seeking a sentence reduction under Amendment 821 to the federal sentencing guidelines, the request is without merit. The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or

more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court determined Melendez-Perez's base offense level to be 28. (*See also* Doc. No. 440, at 8 ¶ 34.) The Court, however, also determined Melendez-Perez to be a career offender, making his base level offense 32. (Doc. No. 493, at 12, 16–19.) A three-level deduction was applied for acceptance of responsibility, making the total offense level 29. (*Id*. at 18.) Melendez-Perez had prior convictions for domestic violence, abduction, assault, unlawful restraint, passing bad checks, escape, assault, kidnapping, trafficking in drugs, possession of controlled substances, and obstructing official business, which collectively scored 15 criminal history points. (*See also* Doc. No. 440, at 10–17 ¶¶ 46, 49–50, 53–54, 57–58, 60, 63.) Because Melendez-Perez committed the instant offenses while he was on community control for drug trafficking in state court, he received two additional "status points" under U.S.S.G. § 4A1.1(d). (*See also id.* at 17 ¶ 64.) With a total of 17 criminal history points, the guidelines dictated that he was a criminal history category VI. (Doc. No. 493, at 19; *see also* Doc. No. 440, at 17 ¶ 65.) He was a criminal history category VI for the additional reason that he was determined to be a career offender under the guidelines. (Doc. No. 493, at 19; *see also* Doc. 440, at 17 ¶ 66.) The advisory guideline range at offense level 29, criminal history category VI was 151 to 188 months. (Doc. No. 493, at 19.) The Court imposed a within guidelines sentence of 163 months. (Doc. No. 470.)

Under Part A of Amendment 821, Melendez-Perez's criminal history score is reduced by one to 16, which still corresponds to a criminal history category VI. His criminal history category also remains at VI by virtue of his status as a career offender. Given that his criminal history score

8

and criminal history category remain unchanged, his amended guidelines range is still 151 to 188 months. Because his guidelines range is undisturbed, Melendez-Perez is ineligible for a reduction under Part A of Amendment 821. *See United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (recognizing that Sixth Circuit "precedent clearly establishes that a defendant is not eligible for a sentence reduction when the defendant's initial sentence was based on his or her status as a career offender" (citation omitted)); *see, e.g., United States v. Braden*, 643 F. App'x 531, 535 (6th Cir. 2016) (holding that defendant, a career offender, was not eligible for a sentence reduction because the relevant amendment did not lower his applicable guideline range (citations omitted)).

Because the amended guidelines concerning status points would not have affected the calculation of Melendez-Perez's sentence, he is ineligible for a reduction based on Part A of Amendment 821 concerning "status points."[4] And even if he had been eligible for relief under either prong of Amendment 821, the Court, for reasons already discussed, would have denied relief at the second step when evaluating the sentencing factors at 18 U.S.C. § 3553(a), as it would have determined that the relevant sentencing factors do not justify reducing defendant's sentence.

Melendez-Perez's motion to reduce his sentence under Amendment 821 is also denied.

---

[4] Melendez-Perez also does not qualify for relief under Part B of Amendment 821 relating to "zero point" offenders as, even under the Amendment, Melendez-Perez has 16 criminal history points. *See* U.S.S.G. § 4C1.1(a)(1) (disqualifying an offender with *any* criminal history points).

## IV.    CONCLUSION

For the foregoing reasons, defendant's motion (Doc. No. 629) for compassionate release and for a sentence reduction under Amendment 821 to the federal sentencing guidelines is denied.

**IT IS SO ORDERED**.

Dated: March 10, 2026

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**